IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-05-220 OWW |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| | ) | ORDER DENYING PETITIONER'S |
| Plaintiff/ | ) | MOTION FOR CREDIT FOR TIME |
| Respondent, | ) | SERVED |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| RAUL DUARTE-JUAREZ, | ) | |
| | ) | |
| | ) | |
| Defendant/ | ) | |
| Petitioner. | ) | |
| | ) | |

Petitioner Raul Duarte-Juarez, proceeding *in pro per*, has filed a motion for credit for time served pursuant to 18 U.S.C. § 3585(b).[1]

---

[1] 18 U.S.C. § 3585(b) provides:

> (b) Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
>
> (1) as a result of the offense for which the sentence was imposed; or

Petitioner was charged with being a deported alien found in the United States in violation of 8 U.S.C. §§ 1326(a) and (b)(2). Petitioner pleaded guilty. Petitioner was sentenced on February 6, 2007 to 46 months incarceration and 36 months supervised release.

Petitioner moves the Court to adjust his sentence to reflect credit for time served while Petitioner was in state custody pending immigration charges prior to his transfer to federal custody to answer the charge against him in this action.

Petitioner contends that this Court has authority to grant his motion, relying on the *dissenting* opinion in *United States v. Wilson*, 503 U.S. 329 (1992).

Petitioner's position is without merit. The majority in *Wilson* holds that the Attorney General of the United States computes the amount of credit for time served under Section 3585(b) after the defendant begins serving his sentence. *Wilson*, 503 U.S. at 333-334; *see also United States v. Checchini,* 967 F.2d 348, 349 (9th Cir.1992). This Court is bound to follow the holding by the Supreme Court and cannot deviate from it based on the dissenting opinion in the case.

Petitioner also relies U.S.S.G. § 5G1.3(b) as authority for

---

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed.

this Court to downwardly depart in imposing sentence.[2] Petitioner argues that Section 5G1.3(b) does not require that all remedies be exhausted by "the prisoner, it merely requires that the Bureau of Prisons will not give credit for time previously served." Petitioner also cites U.S.S.G. § 5K2.0, which sets forth grounds for departure from the Sentencing Guidelines.

Petitioner's reliance on the Sentencing Guidelines as authority for this Court to grant his motion is misplaced. "As a general matter, courts may not alter a term of imprisonment once it has been imposed." *United States v. Hicks,*, 472 F.3d 1167, 1169 (9th Cir.2007). However, 18 U.S.C. § 3582(c)(2) creates an exception to this rule by allowing modification of a term of

---

[2] U.S.S.G. § 5G1.3(b) provides:

> If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

imprisonment if: (1) the sentence is "based on a sentencing range that has been subsequently lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Petitioner's motion does not involve the exception recognized in Section 3582(c)(2).

Finally, Petitioner relies on an Order issued on May 6, 2008 in *United States v. Juan Celaya-Castellanos*, No. CR-F-05-2081 FRZ-BPV, United States District Court for the District of Arizona, as authority to grant Petitioner's motion.

Again, Petitioner's reliance is misplaced. In *Celaya-Castellanos*, the Judgment specifically committed the defendant "to the custody of the Bureau of Prisons for a term of FIFTY (50) MONTHS, with credit for time served; time shall commence from 3/1/05." *Celaya-Castellanos* subsequently filed a letter seeking clarification of his sentence and credit for time served in accordance with the Judgment. The District Court treated the letter as a motion for correction of a clerical error in the Judgment pursuant to Rule 36, Federal Rules of Criminal Procedure, and reduced the term of imprisonment from 50 months to 42 months and ruled that credit for time served would commence on October 25, 2005 as previously determined by the Bureau of Prisons.

No such clerical error occurred in this case. Further, this Court is not bound by any decision of another District Court.

The Court cannot deem Petitioner's motion to be a motion to

vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  Petitioner did not file an appeal of his sentence.  A petitioner who fails to raise non-constitutional sentencing errors on appeal waives his right to challenge the errors in a Section 2255 motion.  *United States v. Schlesinger*, 49 F.3d 483 (9th Cir.1994).  Further, a Section 2255 motion can only test the legality of the sentence imposed and Petitioner makes no showing that the sentence imposed by the Court was in violation of law.

Petitioner's claim relates solely to the execution of the sentence imposed.  Petitioner must seek relief for credit for time served pursuant to 28 U.S.C. § 2241 in the District Court for the district in which Petitioner is incarcerated.  *See United States v. Giddings,* 740 F.2d 770, 771-772 (9th Cir.1984); *Brown v. United States,* 610 F.2d 672, 677 (9th Cir.1980).

For the reasons stated, Petitioner's motion for credit for time served is DENIED.

IT IS SO ORDERED.

**Dated:   December 16, 2009**              /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE